[No. B154734. Second Dist., Div. Seven. July 28, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
BRANDI LAQUINDA BRADLEY, Defendant and Appellant.

**COUNSEL**

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Jeffrey B. Kahan and Robert David Breton, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

JOHNSON, J.—The trial court imposed consecutive sentences for robbery and attempted murder on appellant after the jury convicted her of these two crimes as an aider and abettor. Appellant challenges only the consecutive nature of the sentencing, not the convictions. We conclude appellant personally entertained only a single criminal objective and thus Penal Code section 654 prohibits consecutive sentencing for the two offenses. Accordingly, we reverse and remand for resentencing.

## FACTS AND PROCEEDINGS BELOW

A jury convicted appellant as an accomplice to the crimes of attempted murder and second degree robbery, and found true the armed allegations. The jury hung on a charge of kidnapping to commit another crime, but appellant pled guilty to simple kidnapping after the information was amended. The trial court imposed a sentence of eight years and eight months, after finding the attempted murder and robbery offenses had different objectives, thus would support consecutive sentences under Penal Code section 654. Because appellant's contentions on appeal focus on the propriety of the trial court's finding of different objectives and the resulting consecutive sentencing, we likewise will focus on the facts relevant to that issue.

Appellant is a young woman who participated as the "bait" in a scheme to entice some prosperous-looking customer into leaving a casino so her two male accomplices could rob him. According to the plan, she was to persuade the target to take her in his car, then get him to stop somewhere along the way. The accomplices would enter the car, drive the victim to a quiet residential area, rob him, and then put him in the trunk.

That was the plan. This is how it turned out. The eventual victim, a Mr. Mataya, wore enough gold, diamond, and ruby jewelry to mark him as the right kind of target. He and a friend had been at the casino for several hours when appellant and a female friend approached them at a poker table. Appellant flirted with Mataya for a while and then suggested they leave the casino in his car and go "party." As they left the casino, appellant signaled her cohorts.

Mataya was so intoxicated he was quite willing to let appellant drive the car. Shortly after exiting the casino parking lot, she pulled over and stopped. Appellant then opened the driver's side door and let her male cohorts enter, one in the driver's seat and one in the back. The one in the back leveled an Uzi at Mataya and warned him against looking at either of them or he would "blow his brains out." Mataya complied out of fear.

Appellant joined her female friend in the other car and trailed the victim's automobile for several blocks and stopped directly behind that car in a dark,

quiet residential neighborhood. The two male robbers ordered Mataya to turn over his jewelry and money, which he did. Thus far, everything was going according to plan. But when they asked Mataya to climb into the trunk they learned for the first time the car he was driving was not his, but was owned by the friend. So he claimed not to know how to open the trunk.

Whether they disbelieved Mataya or were just angered by his inability to comply with this final step in their plan, one of the robbers beat him with the Uzi and then shot him several times in the upper torso. The two of them then jumped in the other car with the two women and they sped away.

Mataya sustained a total of eight gunshot wounds, but survived. A rather lengthy investigation culminated in appellant's arrest some seven months later—and the conviction and resulting sentence now on appeal in this court.

Appellant raises three issues, all related to the sentence the judge imposed, not the jury's verdict of guilty. (1) The trial court violated Penal Code section 654 by imposing consecutive sentences for the same criminal act. (2) The issue whether appellant entertained a single or multiple intents and thus could be sentenced consecutively for the robbery and attempted murder convictions should have been submitted to a jury rather than being decided by a judge. (3) The trial court should have interpreted the jury's finding the attempted murder was the "natural and probable" consequence of the robbery as a finding both crimes flowed from a single intent and thus precluded a consecutive sentence.

## DISCUSSION

Appellant raises what appears to be an issue of first impression: May a court impose consecutive sentences on an aider and abettor for two offenses arising out of a single criminal transaction where the aider and abettor only intended one of those offenses and her liability for the second depends upon it being a "natural and probable" consequence of the first?[1]

The facts of appellant's case pose this issue directly. Appellant had only one objective and one intent—to aid and abet a robbery of the victim, Mataya. According to the plan she agreed to, appellant enticed the victim into a car, her confederates then were to take his property and put him in the vehicle's trunk. The first time appellant knew of the attempted murder she

---

[1] Because we find merit in this contention, we have no reason to address appellant's further claims.

was sitting in the other car waiting for them to all drive away when she heard the gunshots fired by her accomplices. She was neither tried for nor convicted of the attempted murder charge on the theory she intended the commission of that crime. Rather she was convicted on a theory this second offense was a "natural and probable" consequence of the offense she did intend, that is, the robbery.

■ Section 654,[2] as interpreted by the Supreme Court, prohibits consecutive sentences for two offenses a defendant commits during an indivisible transaction in pursuit of a single objective or intent.[3] Based on prior precedent, the male shooter here could receive consecutive sentences because the attempted murder of a victim after taking his property can be deemed to involve a second intent or objective.[4] The other male who directly aided that shooting likewise could receive consecutive sentences for both the robbery and attempted murder if found to have entertained that second objective just like the shooter.

But what of appellant whom the jury found guilty of the attempted murder count not because she had such an objective or intent, but solely because that offense was a "natural and probable" consequence of the single objective she did entertain—the robbery of the victim? There is no doubt the trial court could impose the "attempted murder" sentence on her, rather than the robbery sentence, if the former carried the longer prison term.[5] The jury *did* find her guilty of the attempted murder, after all, despite not finding she intended that offense. But this does not necessarily mean the court is empowered to punish her for *both* the robbery she intended and the attempted murder she didn't. Anomalous as it may appear initially, Penal Code section 654 may allow,

---

[2] "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (Pen. Code, § 654, subd. (a).)

[3] "If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*People v. Perez* (1979) 23 Cal.3d 545, 551 [153 Cal.Rptr. 40, 591 P.2d 63].) "If [the defendant] entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (*People v. Beamon* (1973) 8 Cal.3d 625, 639 [105 Cal.Rptr. 681, 504 P.2d 905].)

[4] *People v. Nguyen* (1988) 204 Cal.App.3d 181, 191 [251 Cal.Rptr. 40], and cases cited therein.

[5] "An act or omission that is punishable in different ways by different provisions of law *shall be punished under the provision that provides for the longest potential term of imprisonment,* ..." (Pen. Code, § 654, subd. (a), italics added.)

indeed mandate, imposition of the attempted murder sentence for a crime appellant did not intend yet prohibit adding a further sentence for the robbery she did intend.

■ In order to authorize consecutive sentencing for both the robbery and attempted murder offenses, Penal Code section 654 tells us appellant must have had a dual rather than single objective. This defendant, the one the trial court sentenced here, must personally have had the objective of committing both the robbery and the attempted murder. In this case, the jury could have been offered the opportunity to find appellant indeed entertained a specific intent to attempt the robbery victim's murder. But presumably recognizing this was not a viable option, the prosecutor elected not to submit that possibility to the jury. So the jurors obviously made no such finding. Instead, the jurors predicated appellant's guilt of the attempted murder count solely on the theory the prosecution tendered, a theory only requiring appellant to entertain a single objective—to rob that victim.

■ In our view, the trial court cannot countermand the jury and make the contrary finding appellant in fact *personally* had both objectives. Indeed there is a complete absence of any evidence in this record to support such a finding had the trial judge attempted to do so. It appears doubtful the trial court even considered making such a finding, instead assuming appellant only had to have the single objective of robbing the victim to be considered to also harbor the intent to attempt his murder. In our view, without a finding appellant at some point entertained as an independent objective the goal of attempting to murder Mataya, Penal Code section 654 denies the trial court discretion to impose consecutive sentences on appellant for the robbery and attempted murder convictions.

■ This result not only comports with the logic of Penal Code section 654 but also implements the policy behind this law—to match a defendant's punishment with her degree of culpability. As the Supreme Court reminded us again in 1993, "[w]e have often said that the purpose of section 654 'is to insure that a defendant's punishment will be commensurate with his culpability.' "[6] A defendant who had multiple independent criminal objectives when committing two offenses during a single criminal transaction is deemed to be a worse and more dangerous offender than one who committed those same offenses as a means to achieve a single objective. Accordingly, the former defendant is subject to a longer sentence than the latter.

Appellant is clearly less culpable than her male confederate who shot Mataya or the other male confederate who aided and abetted that second

---

[6] *People v. Latimer* (1993) 5 Cal.4th 1203, 1211 [23 Cal.Rptr.2d 144, 858 P.2d 611], quoting *People v. Perez, supra,* 23 Cal.3d 545, 551.

crime. Unlike them, she only had a single criminal objective—the robbery of Mataya. Indeed she was unaware that second crime was occurring until after it was completed and thus didn't have an opportunity to prevent or even protest its commission. As a result, there simply was no evidence appellant exhibited the more dangerous mental state warranting a consecutive sentence under Penal Code section 654.

In so deciding we acknowledge another appellate court affirmed consecutive sentences in a factually similar situation, although that court did not address or even mention the precise issue discussed above. In *People v. Nguyen*[7] two defendants set out to rob a store. Both were armed. While one defendant busied himself with clearing out the cash register, the other ushered the clerk into the back room, took his money and forced him to lie face down on the floor. This confederate then beat and shot the clerk. The prosecution charged Nguyen, who was rifling the cash register while his accomplice was committing an attempted murder elsewhere in the store, as an aider and abettor of that crime. The jury ultimately convicted Nguyen of the robbery and also of the attempted murder, the latter on a "natural and probable consequences" theory. The trial judge then imposed consecutive sentences on him for the robbery and the attempted murder.

On appeal, the *Nguyen* court did not confront nor expressly discuss whether that aider and abettor could legitimately be found to have entertained multiple objectives and thus legitimately receive consecutive sentences for those two offences. The court appeared to implicitly assume the only issue was whether the attempted murder resulted from an objective independent of the robbery and concluded it did.[8] At the same time, the court did emphasize a salient fact that would readily distinguish *Nguyen* from the instant case had that court reached the issue we discuss.

In *Nguyen*, unlike the instant case, the aider and abettor of the robbery actively encouraged the shooter to kill the victim. As described by the appellate court, "The victim heard Nguyen shout a Vietnamese battle phrase used when 'someone was to kill or be killed.' Nguyen's crime partner then

---

[7] *People v. Nguyen, supra*, 204 Cal.App.3d 181.

[8] "The jury's finding ... that the shooting was a natural and probable consequence of the robbery, determined only that Nguyen was an aider and abettor in the attempted murder. It in no manner foreclosed the trial court's conclusion that the act of violence was sufficiently divisible from the robbery to justify multiple punishments. That a shooting may have been foreseeable, or even probable, does not mean it was necessary or useful in effectuating the robbery or that it was committed for that purpose ....

"Once robbers have neutralized any potential resistance by the victims, an assault or attempt to murder to facilitate a safe escape, evade prosecution, or for no reason at all, may be found by the trier of fact to have been done for an independent reason." (*People v. Nguyen, supra*, 204 Cal.App.3d 181, 190–191.)

kicked the clerk in the ribs and shot him in the back, fortunately not fatally."[9] Later in its opinion the court described Nguyen's responsibility for the attempted murder. "Nguyen entered a market for the purpose of robbery with a confederate toting a loaded gun and later shouted a word which probably played a role in causing [the confederate] to shoot the victim, very dangerous behavior indeed."[10]

As a result, applying the rationale of our opinion to Nguyen, he would still be subject to consecutive sentencing. Ample evidence in the record of that case would support a finding Nguyen shared his cohort's independent objective of attacking the victim. Indeed he evidently was the instigator of that attack. This contrasts sharply with appellant's role—or actually nonrole—in her cohort's shooting of the victim here. Not only did she not encourage the attack, she was oblivious this deviation from the original plan was taking place until the shots rang out and the attempted murder was completed.

Obviously, Nguyen personally entertained both objectives his principal had—to rob the store and to attack the victim. In the case before this court, it is equally obvious appellant only had a single objective—to rob the victim. Accordingly, for reasons explained above, Nguyen properly received consecutive sentences for the robbery and attempted murder convictions in that case, but the trial court erred in imposing consecutive sentences for those two crimes in this case. Accordingly, we remand with instructions the trial court resentence appellant consistent with Penal Code section 654, imposing sentence on the offense carrying the heavier penalty and staying the sentence on the other.

## DISPOSITION

The consecutive sentences imposed for the robbery and attempted murder convictions are reversed and the cause remanded for resentencing consistent with this opinion. In all other respects, the judgment is affirmed.

Perluss, P. J., and Munoz (Aurelio), J.,* concurred.

On August 27, 2003, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied November 25, 2003. Brown, J., did not participate therein.

---

[9] *People v. Nguyen, supra,* 204 Cal.App.3d 181, 185.

[10] *People v. Nguyen, supra,* 204 Cal.App.3d 181, 189.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, *section* 6 of the California Constitution.